VICTOR M. SHER (SBN 96197)
vic@sheredling.com
MATTHEW K. EDLING (SBN 250940)
matt@sheredling.com
STEPHANIE D. BIEHL (SBN 306777)
stephanie@sheredling.com
TIMOTHY R. SLOANE (SBN 292864)
tim@sheredling.com
**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel.: (628) 231-2500
Fax: (628) 231-2929

*Attorneys for Plaintiff Sacramento Suburban Water District*

Daniel Queen (SBN 292275)
dqueen@mayerbrown.com
**MAYER BROWN LLP**
333 S. Grand Avenue, 47th Fl.
Los Angeles, CA 90071
Tel.: (213) 229-9500

J. Tom Boer (SBN 199563)
tom.boer@hoganlovells.com
**HOGAN LOVELLS LLP**
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
Tel.: (415) 374-2336

*Attorneys for Defendant 3M Company*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| SACRAMENTO SUBURBAN WATER DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>THE 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING CO.), E. I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, and DOES 1 through 10,<br><br>Defendants. | Hon. Kimberly J. Mueller<br><br>Case No. 2:22-cv-01005-CKD<br><br>**STIPULATION AND ORDER REGARDING SCOPE OF PLAINTIFF'S CLAIMS, SPECIFIC PERSONAL JURISIDICTION OVER 3M COMPANY, AND TRANSFER OF THIS ACTION TO THE *IN RE AFFF* MULTIDISTRICT LITIGATION** |

     Plaintiff Sacramento Suburban Water District ("Plaintiff"), Defendant 3M Company ("3M"), and Defendants E. I. DuPont de Nemours and Company and the Chemours Company (the "EID/CC Defendants") hereby stipulate as follows:

     WHEREAS, on June 10, 2022, Plaintiff filed this action against 3M and certain other defendants and alleged in its complaint (ECF No. 1, the "Complaint") that its drinking water supply wells are contaminated with certain per- and poly-fluoroalkyl substances ("PFAS"), including, but not limited to, perfluorooctanoic acid (PFOA) and/or perfluorooctane sulfonic acid (PFOS), from products made, marketed, or used by Defendants;

     WHEREAS, on August 15, 2022, 3M filed a motion to dismiss Plaintiff's claims, including on the ground that the allegations in the Complaint are insufficient to establish personal jurisdiction over 3M;

     WHEREAS, Plaintiff opposed the motion to dismiss, and as an alternative to granting the motion, requested that the Court grant jurisdictional discovery;

     WHEREAS, on November 10, 2022, the Court issued an order denying the motion to dismiss without prejudice and granting Plaintiff's request for jurisdictional discovery;

     WHEREAS, on November 18, 2022, Plaintiff served discovery on Defendants, and Plaintiff's discovery requests sought documents, information, and testimony regarding "PFAS Products," whose definition included aqueous film forming foam ("AFFF");

     WHEREAS, the Parties engaged in an initial conferral regarding the jurisdictional discovery that Plaintiff served, and during this conferral, 3M conveyed to Plaintiff that 3M had sold or otherwise transferred AFFF to the McClellan Air Force Base in Sacramento County, California, and that 3M was prepared to withdraw its objection to specific personal jurisdiction if Plaintiff's claims are now intended to encompass PFAS contamination allegedly resulting from the use of AFFF;

     WHEREAS, based upon 3M's representation regarding sale of its AFFF, Plaintiff has agreed that the claims in the Complaint are now intended to encompass PFAS contamination allegedly resulting from the use of AFFF, and Plaintiff reserves all rights regarding future fact

discovery and expert discovery related to PFAS Products, including but not limited to AFFF, that are or may be the sources of contamination in its wells;

WHEREAS, 3M now intends to seek to have the Judicial Panel on Multidistrict Litigation transfer this action to the U.S. District Court for the District of South Carolina as a tag-along action for inclusion in the *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (the "AFFF MDL");

WHEREAS, based on the foregoing conferral and agreements, Plaintiff and the EID/CC Defendants will not oppose transfer of this action to the AFFF MDL;

WHEREAS, the Parties believe based on prior transfer orders and experience in the AFFF MDL that the Judicial Panel on Multidistrict Litigation will transfer this action to the AFFF MDL following the filing of a notice of potential tag-along action and with reference to this stipulation;

WHEREAS, the transfer of this action to the AFFF MDL will at least temporarily moot jurisdictional discovery involving the EID/CC Defendants, and the Parties agree that proceeding with jurisdictional discovery in this District while the case is pending transfer to the AFFF MDL would be an inefficient use of the Court's and the Parties' time and resources;

WHEREAS, the Parties reserve all rights regarding discovery of relevant PFAS Products and ultimate proof of source attribution, including but not limited to potential amendment of pleadings and/or addition of third-party defendants;

WHEREAS, on August 15, 2022, the EID/CC Defendants filed a separate motion to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, which motion was denied without prejudice pending the conduct of jurisdictional discovery (Dkt. 44);

WHEREAS, the EID/CC Defendants reserve all rights to assert, at a procedurally appropriate time, the defense of lack of personal jurisdiction;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that:

1. Based on information now presently known to Plaintiff and 3M's representations in conferral, Plaintiff's claims against 3M in this action are now intended to encompass alleged PFAS contamination of Plaintiff's drinking water supply wells from the use of AFFF. Entry of this stipulation does not waive any of Plaintiff's

1  rights regarding future fact or expert discovery related to PFAS Products, including but not limited to AFFF, that are or may be the sources of contamination in its wells.

2. Based upon Plaintiff's confirmation that its claims against 3M in this case are now intended to encompass alleged PFAS contamination from the use of AFFF, 3M withdraws its objection to Plaintiff's assertion of specific personal jurisdiction over 3M in this case and withdraws 3M's pending motion to dismiss to the extent that it seeks dismissal under Federal Rule of Civil Procedure 12(b)(2). 3M does not withdraw its pending motion to dismiss to the extent that it seeks dismissal under Federal Rule of Civil Procedure 12(b)(6).

3. Based upon 3M's withdrawal of its objection to Plaintiff's assertion of specific personal jurisdiction in this case and its pending motion to dismiss to the extent that it seeks dismissal under Federal Rule of Civil Procedure 12(b)(2), Plaintiff's jurisdictional discovery requests to 3M are now moot and deemed withdrawn.

4. Based upon 3M's representations to date and the Parties' conferral, Plaintiff and the EID/CC Defendants will not oppose transfer of this action to the AFFF MDL.

5. The Parties agree that a stay of all jurisdictional discovery deadlines and obligations pending transfer to the AFFF MDL is appropriate.

6. The EID/CC Defendants retain all rights to challenge the exercise of personal jurisdiction over them in this action.

Dated: December 16, 2022

By: /s/ Stephanie D. Biehl
VICTOR M. SHER (SBN 96197)
MATTHEW K. EDLING (SBN 250940)
STEPHANIE D. BIEHL (SBN 306777)
TIMOTHY R. SLOANE (SBN 292864)
**SHER EDLING LLP**
100 Montgomery St. Ste. 1410
San Francisco, CA 94104
Tel.: (628) 231-2500
vic@sheredling.com
matt@sheredling.com
stephanie@sheredling.com
tim@sheredling.com

*Attorneys for Plaintiff*
*Sacramento Suburban Water District*

| | | |
|---|---|---|
| 1 | Dated: December 16, 2022 | **MAYER BROWN LLP** |
| 2 | | By: /s/ Daniel Queen |
| 3 | | Daniel Queen (SBN 292275) |
| | | **MAYER BROWN LLP** |
| 4 | | 350 South Grand Avenue, 25th Floor |
| 5 | | Los Angeles, CA 90071 |
| | | Tel.: (213) 229-9500 |
| 6 | | dqueen@mayerbrown.com |
| 7 | | J. Tom Boer (SBN 199563) |
| 8 | | **HOGAN LOVELLS LLP** |
| | | 3 Embarcadero Center, Suite 1500 |
| 9 | | San Francisco, CA 94111 |
| 10 | | Tel.: (415) 374-2336 |
| | | tom.boer@hoganlovells.com |
| 11 | | *Attorneys for Defendant 3M Company* |
| 12 | | |
| 13 | Dated: December 16, 2022 | By: /s/ Adam M. Rapp |
| | | ANDREW T. MORTL (SBN 177876) |
| 14 | | ADAM M. RAPP (SBN 280824) |
| 15 | | **GLYNN, FINLEY, MORTL, HANLON & FRIEDENBERG, LLP** |
| 16 | | One Walnut Creek Center |
| | | 100 Pringle Avenue, Suite 500 |
| 17 | | Walnut Creek, CA 94596 |
| 18 | | Tel.: (925) 210-2800 |
| | | amortl@glynnfinley.com |
| 19 | | arapp@glynnfinley.com |
| 20 | | *Attorneys for Defendants* |
| | | *E. I. du Pont de Nemours and Company and* |
| 21 | | *The Chemours Company* |

22  I hereby attest that all of the signatories hereto have consented to the filing of this document.

23

24                                        By: /s/ Daniel Queen

25

26

27

28

**ORDER**

The Court, having reviewed the Parties' Joint Stipulation and good cause appearing, **HEREBY ORDERS** that:

1. Defendant 3M's objection to Plaintiff's assertion of specific personal jurisdiction over 3M in this case, and 3M's pending motion to dismiss to the extent that it seeks dismissal under Federal Rule of Civil Procedure 12(b)(2), are now moot and deemed withdrawn.

2. Plaintiff's jurisdictional discovery requests to 3M are now moot and deemed withdrawn.

3. All parties' jurisdictional discovery deadlines and obligations are stayed, pending the resolution of the parties' motion to transfer this litigation to the AFFF MDL.  The stay is effective for six (6) months.  A Joint Status Report on the anticipated motion and transfer must be filed no later than six (6) months from the date of this order, or within seven (7) days of a transfer order issuing, whichever is earlier.

**IT IS SO ORDERED.**

DATED:  December 22, 2022.

CHIEF UNITED STATES DISTRICT JUDGE